## MARVIN v. MARVIN.

*(City Court of New York, General Term.  May 25, 1892.)*

1. ATTORNEYS—LIEN ON JUDGMENT—RIGHTS AGAINST ASSIGNEE.
   Under Code Civil Proc. § 66, providing that an attorney's lien "attaches to a * * * judgment in his client's favor, and the proceeds thereof in whosesoever hands they come," an attorney who recovers a judgment for his client is entitled to compensation for his services out of the judgment in the hands of an assignee thereof without notice of his lien.

2. SAME—NOTICE OF LIEN.
   The assignees were put on inquiry by the judgment, entry, docketing, and execution, all of which contained the name of the attorney.

3. SAME—FRAUDULENT JUDGMENT.
   The fact that the judgment was fraudulent could not be availed of by the assignees to defeat the attorney's lien so long as they claimed the proceeds of the judgment.

4. SAME—JUDGMENT—NOTICE TO JUDGMENT DEBTOR.
   In such case no notice of the attorney's lien was necessary to be given to the assignees to protect the attorney.

Appeal from special term.

Action by Emily Cortice Marvin against James H. Marvin. Judgment was recovered by plaintiff, execution issued, and levy made, after which plaintiff assigned the judgment to Fishel, Adler, and Schwartz. Charles H. Preyer, plaintiff's attorney, moved for an order requiring the sheriff to pay him his fees for services rendered in obtaining the judgment, which motion was resisted by the assignees of the judgment. The motion was denied, and the attorney appeals. Reversed.

Argued before McGown and McCarthy, JJ.

C. H. Preyer, in pro. per. Johnston & Johnston, for respondents.

McCARTHY, J. This is an appeal from an order denying a motion for an order directing the sheriff to pay to the attorney for the plaintiff the sum of $103.39, the amount claimed by the said attorney for his fees and compensation for services rendered in the above-entitled action, out of the moneys realized upon execution issued herein. Judgment was obtained in favor of plaintiff against the above-named defendant on the 10th day of February, 1892, for the sum of $816.72, and execution immediately issued by Charles H. Preyer, plaintiff's attorney, to the sheriff of the city and county of New York. Under said execution, levy was made, and after levy the said judgment was assigned by the plaintiff to Fishel, Adler, and Schwartz, (the respondents herein,) for the nominal consideration of one dollar. The plaintiff's attorney had no knowledge or intimation of the proposed assignment, and the said assignment was made without his knowledge or consent. The said execution was fully satisfied, and the sum of $816.72 is now in the hands of the sheriff, abiding the determination of the claim of the plaintiff's attorney for compensation for his services. The compensation of the attorney for his services, by arrangement with the plaintiff at the time of the institution of the action, amounts to the sum of $103.39, which sum is a reasonable charge. The reasonableness of the charge is not disputed. The assignees of the judgment, however, contend that the fund is only chargeable with the taxable costs, and that this action was brought upon a fictitious claim, and is fraudulent and void. Nevertheless they are claiming the proceeds of said judgment by virtue of the assignment. There is no allegation that the attorney was conversant with any fraud. The learned justice at special term granted the motion to the extent only of directing the sheriff to pay plaintiff's attorney the costs as taxed, to wit, $21.72. From this order both plaintiff and her attorney appeal.

Section 66, (amended 1879:) "The compensation of an attorney or counselor for his services is governed by agreement, express or implied, which is not restrained by law. From the commencement of an action or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action or counterclaim, which attaches to a verdict, report, decision, or judgment in his client's favor, and the proceeds thereof, in whosesoever hands they may come, and cannot be affected by any settlement between the parties before or after judgment." In arriving at a proper conclusion we must keep in mind that the contention here is not a settlement of the case between the parties before or after judgment, and thus the termination of the controversy by a settlement of the claim or a satisfaction of the judgment, but the assignment by the plaintiff for a consideration of one dollar, expressed in the instrument, to Fishel, Adler, and Schwartz, none of whom are parties to the judgment, but third parties, and strangers to the plaintiff's attorney, who secured the judgment and issued the execution to the sheriff. Thus the judgment was not settled, satisfied, or canceled, but simply transferred or handed over to Fishel, Adler, and Schwartz, subject to any and all liens and equities which may exist. In other words, all the plaintiff could transfer would be her right, title, and interest in such judgment. The judgment has not been paid over, satisfied, or canceled, but, being alive and existing, it matters not whether it be in the hands of the plaintiff or transferred to any one else; the attorney's lien must necessarily follow and attach, for, in the language of section 66, Code Civil Proc., it attaches to a judgment in his client's favor, and the proceeds thereof, in whosesoever hands they may come. In the case at bar the judgment has come (no matter how) into the hands of Fishel, Adler, and Schwartz, the respondents herein, and the proceeds are in the hands of the sheriff of the city and county of New York, an officer of the court, and therefore subject to its direction. It would be folly to say that by the mere handing over the judgment unpaid, unsettled, and unsatisfied or uncanceled to a third party the plaintiff's at-

torney would be deprived of the lien already fixed and agreed upon between the plaintiff and such attorney, nor of the proceeds of such judgment, which had been acquired by the diligence and effort of this attorney. This would be the plainest kind of fraud, and the easiest way of encouraging it.

No claim can be made that the attorney should have given notice to these respondents. They were not parties to the action, nor interested in it until after judgment, execution, and levy had been made. They were perfect strangers to the record and to the plaintiff's attorney. How could the plaintiff's attorney know the operations of his client's mind from time to time, or to whom or in what manner she would dispose of the judgment? It was sufficient for him that she and he understood each other as to his lien, and the amount of the same. Being a woman, (it is said they are changeable,) she might notify him every day of a different intention and different person, which would require, under such an absurd rule, a notice in every case. Neither law nor logic can sanction such a proposition. No. The judgment, its entry, and docketing the execution in the hands of the sheriff, all must have contained the name of the plaintiff's attorney; and thus, even after the assignment, put the respondents on the inquiry. If they proceeded before fore assignment or after without doing this, they took at their peril, and subject to all its imperfections. As, for instance, supposing a judgment obtained by default, and afterwards assigned, was thereafter vacated and set aside, and the default opened, could it be said the assignee did not take it subject to all its imperfections and equities? Besides, the statute fixes the position of the plaintiff's attorney and these respondents as to each other. Section 66, Code Civil Proc., attaches to a judgment in his client's favor, and the proceeds thereof in whosesoever hands they may come. The judgment, when entered and perfected, was in his client's favor, and belonged to her, and even up to some time after the levy. Respondents may claim their having no knowledge of the attorney's lien, or the law in regard thereto; but ignorance of the law is no excuse. The sale or transfer of the judgment (for the lien attaches to the judgment) did not alter its character, the amount of the same, nor the method or process of collecting it. It was all the time the same judgment, and between the same parties; and it was not settled between the parties to it; the sheriff successfully collected it under his execution. The respondents cannot now, after accepting this assignment, claim that the judgment is fraudulent, and yet come into court and ask that the proceeds shall be paid over to them. If it is a good and valid judgment as to them, it must be so for all purposes. Besides, if it was obtained by fraud, there is no proof of collusion on the part of the plaintiff's attorney in the same. No notice was necessary to be given to the judgment debtor. There was no settlement between the parties. The amount of the judgment was collected out of the property of the judgment debtor by the sheriff under due process of law; but sufficient notice of the attorney's lien has been given to these respondents. It was while the proceeds were in the hands of the sheriff; or, in other words, while the proceeds were *in transitu.* Payment of the judgment to any other person would be of no avail against him, and he would be entitled to enforce it for the amount of his lien. The authorities, the logic, and the equities of the case are clearly in favor of sustaining the attorney's lien. We have carefully examined all the authorities cited by the respondents, and do not think they apply to the question at issue herein. For these reasons the order appealed from should be reversed, with costs and disbursements, to be paid out of the funds in the hands of the sheriff, and realized under the execution issued herein; and the motion of plaintiff's attorney that the sheriff be directed to pay to the attorney of the plaintiff herein the amount of his lien for costs and compensation agreed upon, to wit, the sum of $103.39, out of the moneys realized on said execution, is hereby granted, but without costs of said motion.